IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

PETER KALOS, *et al.*,            )
                                  )
        Plaintiffs,               )
                                  )
        v.                        )   1:10cv1335 (JCC/TCB)
                                  )
WISENBAKER HOLDINGS, LLC,         )
                                  )
        Defendant.                )


## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Virginia Commerce Bank's ("Intervenor" or "Virginia Commerce") Motion to Intervene (the "Motion").  [Dkt. 8.]  For the following reasons, the Court will grant Intervenor's Motion.

### I.  Background

A.   Factual Background

The facts giving rise to this case are familiar to the Court and are set forth in detail in, among other places, *Kalos v. Law Offices of Eugene A. Seidel, P.A.*, No. 1:09cv833, 2009 WL 3583606 (E.D. Va. Oct. 26, 2009).  They will not be recounted in full here.

This case arises out of the August 7, 2006 foreclosure sale of a commercial property located at 11250 Industrial Road, Manassas, Virginia 20109 (the "Manassas Property"), that was previously owned by Peter and Veron Lee Kalos ("Plaintiffs").

1

Wisenbaker Holdings, LLC ("Wisenbaker") purchased the Manassas Property at the foreclosure sale.  To purchase the Manassas Property, Wisenbaker obtained a purchase money loan from Virginia Commerce, which is a beneficiary of a deed of trust securing Wisenbaker's loan obligation against the Manassas Property.

B.    Procedural Background

On November 23, 2010, Plaintiff filed a "Bill to Remove Cloud on Title."  [Dkt. 1.]  On December 23, 2010, Plaintiffs filed a Motion for Default Judgment against Wisenbaker [Dkt. 4] and a Motion for Appointment of Receiver or Trustee [Dkt. 5].  Both motions are pending.

On December 30, 2010, Virginia Commerce filed a Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a). [Dkt. 8] and a Motion to Dismiss [Dkt. 11].  On January 31, 2011, Plaintiffs filed their Opposition to the Motion to Intervene.  [Dkt. 30.]

Intervnor's Motion is before the Court.

II.  Standard of Review

Federal Rule of Civil Procedure 24(a)(2) provides that, upon a third party's timely motion, a court "must permit anyone to intervene who . . . claims an interest relating to the property . . . that is the subject of the action, and is so situated that disposing of the action may as a practical matter

2

impair or impede the movant's ability to protect its interest,

unless existing parties adequately represent that interest."

In this Circuit, "[a] party seeking to intervene as of right

must satisfy four requirements:

> First, the intervenor must submit a timely motion
> to intervene in the adversary proceeding.
> Second, he must demonstrate a 'direct and
> substantial interest' in the property or
> transaction.  Third, he has to prove that the
> interest would be impaired if intervention was
> not allowed.  Finally, he must establish that the
> interest is inadequately represented by existing
> parties.

*United States. v. B.C. Enter., Inc.*, 667 F. Supp. 2d 650, 655

(E.D. Va. 2009) (citing *Richman v. First Woman's Bank*, 104 F.3d

654, 659 (4th Cir. 1997)).  A district court's disposition of a

motion to intervene is reviewed for abuse of discretion.  *See*

*JLS, Inc. v. Public Serv. Comm'n of West Virginia*, 321 F. App'x

286, 289 (4th Cir. 2009) (citing *Virginia v. Westinghouse Elec.*

*Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)).  And "liberal

intervention is desirable to dispose of as much of a controversy

'involving as many apparently concerned persons as is compatible

with efficiency and due process.'"  *Feller v. Brock*, 802 F.2d

722, 729 (4th Cir. 1986) (quoting *Nuesse v. Camp*, 385 F.2d 694,

700 (D.C. Cir. 1967)).

### III.  Analysis

Virginia Commerce argues that it is entitled to

intervene because the Motion is timely, it claims an interest

relating to the real property at issue in this case, and no

existing party adequately represents its interest.  (Mem.[1] at 3.)

The Court will address each of the *Richman* factors in turn.

With respect to the first factor, in determining the

timeliness of a motion to intervene, "[a] reviewing court should

look at how far the suit has progressed, the prejudice which

delay might cause other parties, and the reason for the

tardiness in moving to intervene." *Gould v. Alleco, Inc.*, 883

F.2d 281, 286 (4th Cir. 1989).  "The Supreme Court has held that

this timeliness requirement is determined by a court in the

exercise of its discretion and that a ruling will not be

disturbed on appeal unless this discretion is abused."  *Id*.

(citing *NAACP v. New York*, 413 U.S. 345, 365-66 (1973)).  This

Circuit has stressed the importance of timeliness and the wide

discretion afforded the district courts.  *Id*. (citing *Brink v.

DaLesio*, 667 F.2d 420, 428 (4th Cir.1981)).  Here, the suit is

in its early stages.  The only filings are the complaint,

Plaintiffs' motion for default judgment, and Virginia Commerce's

Motion and its motion to dismiss.  Discovery has not yet begun.

Thus, the timing of the Motion does not cause prejudice to

Plaintiffs, and the first factor is satisfied.

To the extent the Motion was not filed earlier, the

fault lies with the Plaintiffs, who failed to properly serve

Wisenbaker through its registered agent.  Serving Wisenbaker's

registered agent would be proper under both Virginia and U.S.

---

[1] Intervenor's Memorandum in Support [Dkt. 9] will be referred to as "Mem."

law.[2]  Plaintiffs, however, did not serve Wisenbaker's registered

agent, but the registered agent's law firm's Rockville,

Maryland, office receptionist.  This was insufficient to serve

process on the registered agent.  *See Carstea v. Colberts Const.*

*Co.*, No. 221450, 2004 WL 1662300, at *1 (Va. Cir. Ct. June 24,

2004) (denying a motion for default judgment on basis of

improper service under Virginia law when party served wife of

registered agent for corporation); *Plotzker v. Lamberth*, No.

3:08cv00027, 2008 WL 4706255, at *10 (W.D. Va. Oct. 28, 2008)

(attempted service on a business entity's registered agent's

receptionist, who was "clearly not an officer, managing or

general agent, or an agent authorized by law to receive service

of process," was not properly made under Federal Rule of Civil

Procedure 4(h)(1)(B)).

          With respect to the second factor, illustrating a

direct and substantial interest, "[w]hile Rule 24(a) does not

specify the nature of the interest required for a party to

intervene as a matter of right, the Supreme Court has recognized

that '[w]hat is obviously meant . . . is a significantly

protectable interest.'"  *Teague v. Bakker*, 931 F.2d 259, 260-61

(4th Cir. 1991) (quoting *Donaldson v. United States*, 400 U.S.

---

[2] Federal Rule of Civil Procedure 4(h)(1)(A) provides that service may be
effected in the manner prescribed in Rule 4(e)(1) for serving individuals.
Rule 4(e)(1) provides that service may be effected pursuant to the laws of
the forum state.  Virginia law provides that service on a limited liability
company may be effected by serving its registered agent.  Va. Code Ann. §
13.1-1018.  Rule 4(h)(1)(B) provides that service upon a business entity may
be effected by serving an officer, a managing or general agent, or any other
agent authorized by appointment or by law to receive service of process.

517, 531 (1971)).  Virginia Commerce has a significantly

protectable interest in this matter, *i.e.*, it is the beneficiary

of certain deeds of trust that encumber the Manassas Property.

Accordingly, this factor is satisfied.

With respect to the third factor, proving that the

interest would be impaired if the court does not permit

intervention, Plaintiffs seek to have the Court void the deed by

which Wisenbaker was granted title to the Manassas Property.  As

Virginia Commerce claims interest in this matter through the

applicable deed of trust, its interests would be impaired by a

ruling in favor of Plaintiffs in this matter.

With respect to the fourth factor, establishing that

the interest is inadequately represented by existing parties,

"[i]n determining whether an interest is adequately represented,

> [t]he easiest case is that in which the [intervenor]
> has an interest that may, as a practical matter, be
> harmed by disposition of the action and the
> [intervenor]'s interest is not represented at all. An
> interest that is not represented is surely not
> adequately represented and intervention must be
> allowed.

*Jerez v. Republic of Cuba*, No. 1:09mc38, 2010 WL 629846, at *3

(E.D. Va. Feb. 16, 2010) (citing 7C Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1909 (3d ed. 2009)).

Here, Wisenbaker has not entered an appearance--and according to

Virginia Commerce, is unable to do so--and therefore cannot be

said to adequately represent Virginia Commerce's interests.  *Id*.

Moreover, the adequate representation requirement "is satisfied

if the [movant] shows that representation of [its] interests 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Cooper Techs., Co. v. Dudas*, 247 F.R.D. 510, 515 (E.D. Va. 2007) (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)); *see also Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (movant's "burden of showing an inadequacy of representation is minimal").  Virginia Commerce has met the minimal burden of making the showing that the representation of its interest is inadequate.

## IV.  Conclusion

For these reasons, the Court will grant Intervenor's Motion.

An appropriate Order will issue.


|                        | /s/                                   |
|------------------------|---------------------------------------|
| February 23, 2011      | James C. Cacheris                     |
| Alexandria, Virginia   | UNITED STATES DISTRICT COURT JUDGE    |