```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF VIRGINIA

                           Alexandria Division


PETER KALOS, et al.,           )
                               )
     Plaintiffs,               )
                               )
           v.                  )   1:10cv1335 (JCC/TCB)
                               )
WISENBAKER HOLDINGS, LLC,      )
                               )
     Defendant.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Virginia Commerce Bank's ("Intervenor" or "Virginia Commerce") Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. 11] (the "Motion").

Also before the Court are two motions filed by Plaintiffs: Motion for Recusal [Dkt. 22] and Motion to Strike Intervention (the "Motion to Strike") [Dkt. 26].

For the following reasons, the Court will grant Intervenor's Motion and deny each of Plaintiffs' motions.

### I. Background

A. <u>Factual Background</u>

The facts giving rise to this case are familiar to the Court and are set forth in detail in, among other places, *Kalos v. Law Offices of Eugene A. Seidel, P.A.*, No. 1:09cv833, 2009 WL

3583606 (E.D. Va. Oct. 26, 2009). They will not be recounted in full here.

This case arises out of the August 7, 2006 foreclosure sale of a commercial property located at 11250 Industrial Road, Manassas, Virginia 20109 (the "Manassas Property"), that was previously owned by Peter and Veron Lee Kalos ("Plaintiffs"). Wisenbaker Holdings, LLC ("Wisenbaker") purchased the Manassas Property at the foreclosure sale. To purchase the Manassas Property, Wisenbaker obtained a purchase money loan from Virginia Commerce, which is a beneficiary of a deed of trust securing Wisenbaker's loan obligation against the Manassas Property.

B. Procedural Background

On November 23, 2010, Plaintiff filed a "Bill to Remove Cloud on Title" (the "Complaint"). [Dkt. 1.] On December 30, 2010, Virginia Commerce filed a Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a). [Dkt. 8.] By an Order entered contemporaneously with this Memorandum Opinion, the Court will grant that motion. Also on December 30, 2010, Virginia Commerce filed the instant Motion to Dismiss. [Dkt. 11.] The Motion contained the proper notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). On January 31, 2011, Plaintiffs filed their Opposition to the Motion. [Dkt. 30.] By Order dated January

13, 2011, this Court set oral argument for these motions on February 4, 2011.

On January 31, 2011, three days in advance of oral argument on the various motions, Plaintiffs filed an Amended Complaint. [Dkt. 31.] The Court will deem Intervenor's Motion to Dismiss to apply to the Amended Complaint for all purposes.[1]

On January 11, 2011, Plaintiffs filed their Motion for Recusal. [Dkt. 22.] On January 18, 2011, Plaintiffs filed their Motion to Strike. [Dkt. 26.]

Intervenor's Motion and Plaintiffs motions are each now before the Court.

## II.  Standard of Review

A.  <u>Subject Matter Jurisdiction</u>

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter

---

[1] Because the 21 day time period for amendment as a matter of course has expired, the proposed amendment falls under Federal Rule of Civil Procedure 15(a)(2), which requires either leave of the court or written consent of the opposing party to amend a pleading. Fed. R. Civ. P. 15(a)(2). In the Fourth Circuit, a motion for leave to amend pursuant to Rule 15(a)(2) can be denied if "the amendment would have been futile." *Steinberg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). In determining whether a proposed amendment is futile, a court may consider whether the proposed amendments could withstand a motion to dismiss. *Perkins v. United States*, 55. F.3d 910, 917 (4th Cir. 1995); 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1487, at 743 n.28 (2010). Accordingly, the analysis with respect to Intervnor's Motion applies equally to Plaintiffs' proposed Amended Complaint.

3

jurisdiction may be based.  *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002).  In such instances, all facts alleged in the complaint are presumed to be true.  *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).  Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue.  *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780.  In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Virginia v. United States*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994); *Velasco v. Gov't of Indonesia,* 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment").  In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.,* 682 F.Supp. 2d 560, 566 (E.D. Va. 2009)

4

(holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

    B.   <u>Res Judicata</u>

The doctrine of res judicata bars additional litigation on matters decided in earlier litigation between the same parties. Res judicata encompasses the doctrine of claim preclusion. *Orca Yachts, LLC v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002); *see also Saudi v. Ship Switz., S.A.*, 93 F. App'x 516, 519 n.1 (4th Cir. 2004). "The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.'" *Orca Yachts*, 287 F.3d at 318 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)).

A claim is precluded when three conditions are satisfied:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*Varat Enters.*, 81 F.3d at 1315 (citations omitted). Claims are considered to be part of the same cause of action "when they arise out of the same transaction or series of transactions, or the same core of operative facts." *Id.* at 1316. Claim preclusion also blocks the relitigation of all claims that could have been presented in the original action. *Id.* at 1315 (citations omitted).

### III. Analysis

#### A. Intervenor's Motion to Dismiss

Virginia Commerce argues that the Court should dismiss the Complaint for lack of subject matter jurisdiction. (Mem.[2] at 3.) Virginia Commerce also briefly argues that the instant matter is barred by res judicata. (Mem. at 2.) The Court will address each argument in turn.

##### i. Subject Matter Jurisdiction

Federal subject matter jurisdiction may exist if there is either (1) a "federal question" pursuant to 28 U.S.C. § 1331 or (2) complete diversity of citizenship between the parties and more than $75,000 in controversy pursuant to 28 U.S.C. § 1332.

With respect to federal question jurisdiction, the only plausible basis alleged in the Complaint that would give rise to federal question jurisdiction is Plaintiffs' passing reference to the Miller Act. This Court, however, in a prior

---

[2] Virginia Commerce's Memorandum in Support [Dkt. 12] of the Motion will be referred to as "Mem."

case filed by Plaintiffs stemming from the same facts underlying the instant matter, *Kalos v. Law Offices of Eugene A. Seidel, P.A.*, No. 1:09cv833, 2009 WL 3583606 (E.D. Va. Oct. 26, 2009), held that "the Miller Act is completely inapplicable to [the] case" and to Plaintiffs' claim for lack of subject matter jurisdiction. *Kalos*, 2009 WL 3583606, at *4. As the instant matter arises from the exact facts at issue in that case, the Miller Act will likewise not provide federal question jurisdiction pursuant to 28 U.S.C. § 1331.

With respect to diversity jurisdiction, the amount in controversy is apparently satisfied. Complete diversity, however, is not. Though Plaintiffs do not expressly state their citizenship in the Complaint, they are apparently Virginia citizens, as they have a Virginia mailing address and are owners of a Virginia company. The Complaint states that Wisenbaker has a registered agent in Maryland--a fact contested by Virginia Commerce. Nonetheless, the citizenship of a limited liability company is not determined by the citizenship of its registered agent, but determined by the state or states where its members are citizens. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (noting that a limited liability company "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members"); *Ferrell v. Express Check Advance of S.C., LLC*,

591 F.3d 698, 701 (4th Cir. 2010). The Complaint does not set forth the citizenship of Wisenbaker's members. Because Plaintiffs bear the burden of proving subject matter jurisdiction, the Complaint does not sufficiently allege facts to establish complete diversity of citizenship between Plaintiffs and Wisenbaker. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998).

Moreover, this Court, in the *Kalos v. Law Offices of Eugene A. Seidel, P.A.*, No. 1:09cv833, 2009 WL 3583606 (E.D. Va. Oct. 26, 2009), matter held in an October, 29, 2009 Order [1:09cv833, Dkt. 69] that "[t]he only remaining Defendant in [that] case [was] Wisenbaker Holdings, LLC, over whom this Court [did] not have subject matter jurisdiction." The Court repeats that holding here. Accordingly, the Complaint is dismissed, with prejudice, for lack of subject matter jurisdiction.

### ii. Res Judicata

Plaintiffs have filed numerous actions in state courts and in this Court. Most recently, Plaintiffs filed suit against Wisenbaker in *Kalos v. Greenwich Ins. Co., et al.*, No. 1:10cv841 (E.D. Va. 2010). In that case, Plaintiffs sought, among other things, "other equitable relief relating to a cloud on title" on the Manssas Property. See Complaint [Dkt. 1] at pp. 1-2, *Kalos v. Greenwich Ins. Co., et al.*, No. 1:10cv841 (E.D. Va. 2010) By Order dated July 30, 2010, this Court dismissed that case

with prejudice on res judicata grounds. *See Id*. [Dkt. 6.] Dismissal with prejudice is "normally an adjudication on the merits for purposes of res judicata." *Dolgaleva v. Virginia Beach City Pub. Schools*, 364 F. App'x 820, 826 n.5 (4th Cir. 2010).

Here, the parties are identical. The Court's judgment in the prior matter was final and on the merits, and the Plaintiffs prior claim was based upon the same cause for the same real property. In affirming this Court's dismissal in *Kalos v. Greenwich Ins. Co., et al.*, the Fourth Court stated that "the record reveals that [Plaintiffs] have filed numerous actions against [] Wisenbaker in state courts, all related to the foreclosure of the property at issue in the instant case. These claims have been conclusively adjudicated and may not be relitigated." *Kalos v. Greenwich Ins. Co.*, No. 10-1959, 2010 WL 5129880, at *1 (4th Cir. Dec. 14, 2010). That reasoning applies here, with even more force. Accordingly, the Court will grant Intervenor's Motion, dismissing Plaintiffs' Complaint with prejudice on res judicata grounds.[3]

---

[3] At oral argument, counsel for Intervenor moved for injunctive or other relief barring Plaintiffs from further suits against Wisenbaker. The Court hereby notifies Plaintiffs that any further suits arising from the foreclosure of the property at issue in this case and Plaintiffs' defaults on the obligations leading to that foreclosure, whether against Wisenbaker or any other party, may result in the imposition of a pre-filing review system, if appropriate. *See Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 817-18 (4th Cir. 2004); *Vestal v. Clinton*, 106 F.3d 553, 555 (4th Cir. 1997).

B.  Plaintiffs' Motions

Given the Court's disposition of Intervenor's Motion, the Court need not further consider the merits of the two motions filed by Plaintiffs in this case. Out of an abundance of caution, however, the Court will proceed and evaluate the merits of the outstanding motions filed by Plaintiffs. *See Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 94 (4th Cir. 1983) (addressing the merits of the appeal after finding that the district court lacked subject matter jurisdiction).

i.  Motion for Recusal

Plaintiffs move to recuse Judge James C. Cacheris from this case. (MFR[4] at 3.) Plaintiffs allege two grounds for recusal: (1) they have been told by an attorney with whom they presumably met to discuss some aspect of this or their other pending case before this Court (1:10cv73, *Peter Kalos, et al. v. Posner, et al.*) that Plato Cacheris represents a company called Centennial Surety Associates, Inc. ("Centennial"), and (2) that this Court presided over a prisoner petition filed by the owner/member of Wisenbaker.

28 U.S.C. § 455(a) requires that a judge disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." This objective test asks "whether a reasonable person would have a reasonable basis for questioning

---
[4] Plaintiffs Motion for Recusal [Dkt. 22] will be referred to as "MFR."

the judge's impartiality, not whether the judge is in fact impartial." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (internal quotation marks omitted)). The allegations here would not cause a reasonable person to question the Court's partiality.

With respect to the identity of Centennial's attorney, Centennial is not a party here and its rights or liabilities are not at issue in this case. Additionally, Centennial is not a party to the bonds or to the deed of trust provided by Plaintiffs that ultimately give rise to Plaintiffs' claim. Indeed, the Court's disposition of this case on res judicata grounds does not in any way take into account the role of Centennial or the merits of any position it could have as to Plaintiffs' claim or the facts from which Plaintiffs' claim arises.[5]

As to the second alleged ground, in July of 1996 this Court presided over one Emery Seth Wisenbaker's motion to vacate sentence. *See Wisenbaker v. United States*, 1:96cv1148. Given his unique name, the Court assumes that Mr. Wisenbaker is indeed the "Emery Wisenbaker" who is an owner/member of Wisenbaker Holdings, LLC. This Court, however, *denied* Mr. Wisenbaker's

---

[5] Nonetheless, as stated by this Court at the February 4, 2010 oral argument with respect to Intervenor's and Plaintiffs' motions, the Court called Plato Cacheris and confirmed that he does not represent Centennial, nor, to his knowledge, does any attorney associated with him in his law firm.

11

motion to vacate sentence and his motion to reconsider the Court's denial. This Court's impartiality cannot reasonably be questioned on the basis of the Court's *denial* of a motion to vacate. Accordingly, the Court will deny Plaintiffs' Motion for Recusal.

        ii.     <u>Motion to Strike</u>

Plaintiffs move this Court to strike the Defendant's Motion to Intervene, because it "presents no fact or law permitting it to succeed." (MTS[6] at 14.) Federal Rule of Civil Procedure 12(f) permits a district court to strike from "a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). Federal Rule of Civil Procedure 7(a) defines a "pleading" as (1) a complaint, (2) an answer, (3) a reply to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint, or (6) a third-party answer. Fed. R. Civ. P. 7(a). In light of the clearly defined meaning of a "pleading" under Rule 7(a), the Court holds that a motion to intervene does not constitute a pleading within the meaning of Rule 12(f). *See also Nat'l Cas. Co. v. Davis*, No. 91 C 01318, 1991 WL 101648 at *1 (N.D. Ill. June 3, 1991) ("A motion to intervene and the memorandum in support of that motion are not pleadings.") Accordingly, the Court will deny Plaintiffs' Motion to Strike.

---

[6] Plaintiffs' Motion to Strike [Dkt. 26] will be referred to as "MTS."

## IV. Conclusion

For these reasons, the Court will grant Intervenor's Motion and deny each of Plaintiffs' motions.

An appropriate Order will issue.

|  |  |
|---|---|
| February 23, 2011<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |